IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBERT M. KRUTKO** | Case No. 2:11-CV-610 |
| Plaintiff, | |
| | JUDGE ALGENON L. MARBLEY |
| v. | |
| **FRANKLIN COUNTY, OHIO, et al.,** | Magistrate Judge Norah M. King |
| Defendants. | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on a Motion to Set Aside Clerk's Entry of Default brought by Defendants Franklin County Sheriff's Office and Franklin County, Ohio ("Defendants"). (Dkt. 7.) For the reasons stated herein and good cause having been shown, Defendants' Motion is **GRANTED**, and the Clerk is hereby **ORDERED** to set aside its previous entry of default of Defendants Franklin County Sheriff's Office and Franklin County, Ohio.

### II. BACKGROUND

This is a civil rights action brought under 42 U.S.C. §1983 in which plaintiff alleges that, while detained in the Franklin County Corrections Center II as a pretrial detainee, he was subjected to unsanitary conditions by reason of raw sewage problems and was denied medical care and the opportunity to shower for a period of days after having been contaminated. Plaintiff also asserts supplemental state law claims of negligence and intentional infliction of emotional distress.

Plaintiff filed his Complaint on July 12, 2011. The record indicates, and parties do not dispute, that summons was returned executed and Defendants were served with the Complaint on July 20, 2011. Pursuant to Rule 12(a) Defendants' answer was due by August 10, 2011. Defendants failed to answer or appear, and on August 16, 2011, Plaintiff requested an entry of default from the Clerk. The Clerk correctly entered default as to both Defendants on August 17, 2011, as Defendants were in default. On August 18, 2011, Defendants filed the instant motion, admitting their failure to answer the Complaint within the required timeframe, but claiming that good cause exists to set aside the entry of default against them. No final default judgment has yet been entered against Defendants.

### III. LAW AND ANALYSIS

Rule 55(c) provides that "the court may set aside an entry of default for good cause." *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) ("When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard."). The three factors traditionally considered by courts in determining whether good cause exists were "set forth in *United Coin Meter Co. v. Seaboard Coastline Railroad*, [and] assess 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.' 705 F.2d 839, 844 (6th Cir. 1983)." *Dassault Systemes, SA v. Childress*, 2011 FED App. 0309P, at *8 (6th Cir. Dec.13, 2011).

Defendants claim that good cause exists to set aside the entry of default because their failure to answer was due to an innocent ministerial error which resulted in the Plaintiff's Complaint being erroneously filed and therefore not coming to the attention of counsel. Moreover, Defendants insist that Plaintiff was not prejudiced in any way by the short delay in

Defendants' appearance, only a week after the deadline. Defendants also claim that they are not appropriate defendants in this case, as they are not "persons" subject to suit under Section 1983.

Firstly, without a doubt it was Defendants' own culpable negligence which led to their default. While the Court is sympathetic to the fact that mistakes can happen—not only in a "very large government office," but in any office—that reality does not excuse the Defendants' failure to answer on time. That being said, Defendants have shown no intentional disregard for their obligations as parties to suit, and made every effort to expeditiously remedy their mistake once it came to their attention. Thus, the Court does not find that the Defendants' default was "willful." *Childress*, 2011 FED App., at \*8.

Second, the Court finds that setting aside the default will not prejudice Plaintiff. Plaintiff broadly claims that witnesses and evidence of claims "may be lost or disappear" as a result of the short delay in Defendants' appearing and answering his claims. However, no specific prejudice has been alleged as a result of Defendants' default, and under Sixth Circuit law, "delay alone is not a sufficient basis for establishing prejudice." *Id.* at \*18. Additionally, as Defendants point out, Plaintiff waited almost a year and a half to file suit in this case, and so any loss of evidence from the lapse of time from the underlying events in this case would not be substantially the fault of Defendants.

The third factor the Court weighs in determining whether to set aside a default under *United Coin* is whether the defaulted defendant presents a meritorious defense. Defendants argue that they have a meritorious defense in that they are not "persons" subject to suit under Section 1983 and are not *sui juris* entities, and that the proper parties for Plaintiffs to sue are elected officials in the official capacities. Therefore, Defendants argue, they should be dismissed from the action. Although this defense is not a traditional one "on the merits" of the case, for

3

purposes of evaluating a default "the test is not whether a defense is likely to succeed on the merits; rather, the criterion is merely whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'"  *Id.* at *21 (internal citations omitted).

Defendants cite numerous cases in support of their position that they are not proper parties to this lawsuit, and Plaintiff provides numerous rebuttal cases in response.  It is not necessary to rule on this defense raised by Defendants in order to set aside the default, however.  Even if Defendants are wrong, and they are appropriate parties to this suit, the "possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default" is increased.  *Id.*  In other words, even failure on Defendants' legal defense here would at least result in keeping Defendants in the lawsuit to defend Plaintiffs' claims on alternative grounds, whereas a default would automatically result in an adverse judgment against Defendants.  Thus, the third factor, as with the other two, weighs in favor of the Court finding good cause to set aside the Clerk's entry of default against Defendants.

## V. CONCLUSION

For the reasons stated above, and good cause having been shown, the Defendants Motion to Set Aside Clerk's Entry of Default is **GRANTED**, and the Clerk is **ORDERED** to set aside its previous entry of default of the Defendants Franklin County Sheriff's Office and Franklin County, Ohio.  Defendants are **ORDERED** to file their responsive pleadings by January 30, 2011, or twenty-one (21) days from the date of this Order.

5

**IT IS SO ORDERED.**

                                              **s/Algenon L. Marbley**
                                              Algenon L. Marbley
                                              United States District Judge

**Dated: January 12, 2012**