IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT M. KRUTKO, | : | |
| | : | Case No. 2:11-CV-610 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge King |
| FRANKLIN COUNTY, OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court on the following motions: the Motion *in Limine* of Defendants Hatzer, Leonard, Turner, Penix, Harrow, and Koller to exclude Plaintiff's witness, Barbara Scanlon, and certain exhibits (Doc. 73); Defendants' Motion *in Limine* to exclude evidence of medical diagnosis, injuries, medical causation, permanent injury, lost business income or any other claim of similar damages based on Plaintiff Robert M. Krutko's failure to identify any expert witnesses (Doc. 63); and Defendants' Objection under Rule 26(a)(3)(B) to certain Plaintiff exhibits.  (Doc. 73 at 6.)  For the reasons below, Defendants' Motion *in Limine* to exclude Barbara Scanlon and certain exhibits is **GRANTED in part and DENIED in part**; Defendants' Motion *in Limine* to exclude evidence of medical diagnosis, injuries, medical causation, permanent injury, lost business income or any other claim of similar damages is **DENIED**; and Defendants' Rule 26(a)(3)(B) Objection is **SUSTAINED**.

I.   BACKGROUND

This case arises from an incident that allegedly took place at the Franklin County Corrections Center II ("FCCCII") while Plaintiff was incarcerated there in November 2009. Plaintiff asserts that on one of the days he was being held in "the Hole," a temporary holding cell

1

designed as a negative air flow space for the purposes of infectious disease control, the toilet in the cell began to overflow with sewage and human excrement. (Doc. 38 at 4.) Plaintiff was asleep on the floor of the cell and was awakened by the shouts of his cell mates but he was quickly covered in sewage. (*Id.*) Plaintiff alleges that the six Deputies who are Defendants in this case came to the cell door several times and laughed, cursed, and insulted the three inmates. (Doc. 30 at ¶ 26; Doc. 38 at 4.) He further claims that the Deputies did not release him from the cell for 25 minutes following the overflow and that he was subsequently transferred to another cell that smelled of excrement. (Doc. 30 at ¶¶ 28-29; Doc. 38 at 4.) Finally, Plaintiff alleges that he was transferred to the medical department where he was denied soap and permission to shower for five or sick days. (Doc. 38 at 5.)

Plaintiff brought claims against the six Deputies under 42 U.S.C. § 1983 for "violation of Plaintiff's constitutional rights," as well as state-law claims for negligence and intentional infliction of emotional distress. (Second Am. Compl., Doc. 30 at 5-8.) He seeks compensatory damages, punitive damages, and attorney fees and costs. (*Id.* at 9.)

## II. LEGAL STANDARDS

### A. Motions *in Limine*

Motions *in limine* allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and give the parties advance notice of the evidence they may not rely upon at trial. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997)). To prevail on a motion *in limine,* the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation,

2

relevancy, and potential prejudice may be resolved in the context of trial.  *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  Whether or not to grant a motion *in limine* is within the discretion of a trial court.  *Delay v. Rosenthal Collins Grp., LLC*, 2:07-CV-568, 2012 WL 5878873, *2 (S.D. Ohio Nov. 21, 2012) (citing *Branham v. Thomas Cooley Law Sch.,* 689 F.3d 558, 560 (6th Cir.2012)).  The Court may reconsider the admissibility of the evidence, however, and even change its ruling on a motion *in limine*, "as the proceedings give context to the pretrial objections."  *Bennett*, 2011 WL 4753414, at * 1 (*citing Black v. Columbus Pub. Sch.*, No. 2:96-CV-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept. 17, 2007)).

### B.  Federal Rules of Evidence 701 and 702

Under Rule 701, if a witness is not testifying as an expert, opinion testimony is limited to that testimony that is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.

Under Rule 702, an expert's opinion is admissible, by the discretion of the trial court, if: (1) the expert is qualified as such by knowledge, skill, experience, training, or education; (2) the testimony is relevant, meaning it will assist the trier of fact to understand the evidence or to determine a fact in issue; and (3) the testimony is reliable, meaning it is based on sufficient facts or data, is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-29 (6th Cir. 2008).

## III.    ANALYSIS

### A.  Defendants' Motion to Exclude Barbara Scanlon and Certain Exhibits

*1.  Ms. Scanlon's Testimony*

Plaintiff's witness list indicates that he intends to call Barbara Scanlon as a non-expert witness.  (Doc. 70 at 2.)  Ms. Scanlon served as Plaintiff's counselor following the incident at FCCCII.  Plaintiff states that she will provide details concerning the treatment Plaintiff received after the incident and will "detail the fact that the Plaintiff sought treatment for post-traumatic stress disorder due to the incident described in the Complaint."  (*Id.*)  Defendants argue that Ms. Scanlon should be barred from testifying on two grounds:  first, because she was not disclosed to Defendants until January 13, 2016, and second, because any testimony relative to medical diagnosis or treatment would be inadmissible under Rules 701 and 702.

Under Federal Rule of Civil Procedure 37(c)(1), if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  In turn, Rule 26(a) requires that a party must, without awaiting a discovery request, provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 26(e) requires a party who has made a disclosure under Rule 26(a) to "supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1).

It is undisputed that Plaintiff did not disclose Ms. Scanlon as a witness until January 13, 2016. Plaintiff cannot show that his failure to disclose this information was substantially justified or harmless. The Sixth Circuit has relied on the advisory committee's note to Rule 37(c) in holding that harmless is defined in this context as "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999) (unpublished table decision)). Plaintiff bears the burden to prove harmlessness. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Nothing here suggests that the failure to disclose Ms. Scanlon as a witness was an honest mistake. Since Ms. Scanlon was apparently Plaintiff's treating health professional, he would have been aware well in advance of trial of both her identity and the information to which she would testify. Nor is there any indication that Defendants already "have sufficient knowledge of [her] or [her] opinions."[1] *Sommer*, 317 F.3d at 692. Indeed, as Defendants point out, even on the January 13, 2016 witness list, Plaintiff only vaguely identifies the topic area to which Ms. Scanlon would testify at trial. (*See* Doc. 70 at 2 ("She can provide details concerning the treatment which the Plaintiff has received. She can also detail the fact that the Plaintiff sought treatment for post-traumatic stress disorder due to the incident described in the Complaint.").)

Under Rule 37(c)(1), "[i]n addition to or instead of [the] sanction" of excluding Ms. Scanlon as a witness at trial, the Court has the discretion to "order payment of the reasonable

---

[1] Plaintiff's initial disclosures included "staff" from Netcare Access Counseling Center and North Community Counseling Center. At a status conference on February 4, 2016, Plaintiff informed the Court that Ms. Scanlon worked as a counselor for North Community Counseling Center. The disclosure of "staff" from North Community Counseling Center does not constitute compliance with Rule 26, and Plaintiff's non-compliance is not harmless, because Defendants have not yet had an opportunity to depose Ms. Scanlon or otherwise gain knowledge of her opinions.

expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). Because the Court does not wish to impose an overly harsh penalty on Plaintiff for his counsel's mistake, the Court will allow Ms. Scanlon to testify at trial, but only on the condition that Plaintiff make Ms. Scanlon available for deposition at a time convenient to Defendant's counsel during the week of February 8-12, 2016. Plaintiff's counsel will pay the costs associated with the deposition, including ordering an expedited transcript of the proceeding. Plaintiff's counsel will also make all of Ms. Scanlon's relevant records from North Community Counseling Center available to Defendant's counsel at least 24 hours before the deposition takes place.

The Court **DENIES** Defendants' Motion *in Limine* to exclude Ms. Scanlon's testimony at trial. If Plaintiff's counsel fails to comply with any part of the Court's order to make Ms. Scanlon available to be deposed by Defendants, the Court will exclude her testimony at trial because to do otherwise would be unfairly prejudicial to Defendants.

*2. Exhibits 4-8 and 12*

As with witness disclosures, Plaintiff had a duty under Rule 26(a) to disclose to Defendants "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiff's initial disclosures show that Plaintiff identified the following documents: (1) documents related to the physical medical history of Plaintiff, including reports, tests, and evaluations from the dates listed in the complaint; (2) documents related to the mental and emotional medical history of Plaintiff, including reports tests, and evaluations from the dates listed in the complaint; and (3) documents identifying the sewage problems at FCCCII from 2006 to 2011. (Doc. 73-1 at 4.) Plaintiff never supplemented

6

his initial disclosures.  Plaintiff's exhibit list, submitted on January 13, 2016, includes several documents that clearly fall outside of these three categories of documents:  records from the Social Security Administration showing that Plaintiff is receiving Social Security Disability Insurance; a January 18, 2007 purchase order for a boat totaling $200,660.00; a United States Coast Guard Certificate of Documentation for the vessel *Sundancer*; a June 22, 2005 bill of sale for the vessel *Sundancer*; a May 29, 2005 income and expense worksheet; and income statements for Plaintiff.  (Doc. 71 ¶¶ 4-8, 12.)

Plaintiff offers no argument that this tardy disclosure of documents—most of them dated many years ago—is substantially justified or harmless.  Rather, he states that Defendants have never sent a discovery request or conducted a deposition throughout the course of the five-and-a-half years of the litigation, (Doc. 74 at 3), which is immaterial because the disclosure requirements of Rule 26 apply regardless of whether a party has received a discovery request. *See* Fed. R. Civ. P. 26(a)(1)(A).  Plaintiff further argues that the language in his initial disclosures included a submission of "damages for [Plaintiff's] loss of ability to work, emotional damages, and the cost of continued counseling." (Doc. 74 at 4.)  But this request for damages does not satisfy the requirement of Rule 26 that a copy of documents or a description by category and location of such documents be disclosed to the opposing party.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii).  Plaintiff has again failed to comply with Rule 26.

Plaintiff also avers that he disclosed to Defendants during the parties' 2012 initial mediation that Plaintiff was receiving Social Security Disability Insurance and suffered from post-traumatic stress disorder ("PTSD") and severe depression.  (Doc. 74 at 3.)  But Defendants claim that they had no knowledge of these documents, and Plaintiff has introduced no evidence to the contrary and, therefore, cannot meet his burden to show that the failure to disclose was

substantially justified or harmless. *See Roberts*, 325 F.3d at 782; Fed R. Civ. P. 37(c)(1). The Court **GRANTS** Defendants' Motion *in Limine* to exclude Documents 4-8 and 12 on Plaintiff's exhibit list.

### B. Defendants' Motion to Exclude Medical Evidence and Damages

Plaintiff has identified no expert witnesses that he intends to call at trial. His Second Amended Complaint, however, alleges that he has been diagnosed with PTSD and severe depression as a result of his experience at FCCCII. (Doc. 30 at ¶ 37.) He also alleges other injuries such as hepatic cysts and a pulmonary lesion "which may or may not be related to his time in" FCCCII. (*Id.* at ¶ 39.) Finally, he seeks damages for severe emotional distress. (*Id.* at ¶ 72.) Defendant contends that because Plaintiff plans to offer no expert witnesses, he cannot establish either his medical diagnosis or a causal connection between the incident at FCCCII and the medical diagnosis. (Doc. 63 at 2.)

Plaintiff has stated that he intends to call Ms. Scanlon as a treating medical professional, but not an expert witness. The Sixth Circuit has held that an expert report "is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007). Ms. Scanlon may testify to facts within her personal knowledge under Federal Rule of Evidence 701. Because she is a fact witness and not an expert witness, however, she may not testify "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. If a treating physician testifies as a non-expert, the Sixth Circuit has generally precluded such witnesses from testifying to causation if their conclusions regarding causation

8

were rendered "in anticipation of litigation." *See Fielden*, 482 F.3d at 871; *Mohney v. USA Hockey, Inc.*, 138 F. App'x 804, 811 (6th Cir. 2005).

Here, because Ms. Scanlon has not yet been deposed, the Court is unable to determine whether she intends to testify regarding a a medical diagnosis or causation, and if so, whether such conclusions were rendered in anticipation of litigation. Therefore, the Court will deny Defendants' motion to exclude evidence of medical diagnosis injuries, medical causation, permanent injury, and lost business income at this time. After Ms. Scanlon's deposition is conducted, Defendants may renew their motion for the Court's consideration.

Defendants also contend that Plaintiff himself should be precluded from offering testimony on his own behalf to establish a medical diagnosis and a causal connection between the incident at FCCCII and Plaintiff's injuries. The Court agrees. PTSD, depression, hepatic cysts, and pulmonary lesions are conditions whose diagnoses would require specialized medical knowledge or experience. *See Tomlinson v. Collins*, No. 2:09-cv-125, 2011 WL 478835, at *8 (S.D. Ohio Feb. 7, 2011) (excluding lay witness testimony regarding the severity of pain experienced by a plaintiff relative to a person suffering from appendicitis, gall bladder, or a heart attack because such testimony would not be within the common observation of laypersons). A plaintiff "may testify regarding [his] symptoms (and when they began), but may not testify to causation." *Kovacic v. Ponstingle*, No. 1:05-cv-2746, 2014 4715859, at *2 (N.D. Ohio Sept. 22, 2014) (prohibiting plaintiffs from testifying to mental health diagnoses and conditions, or mental health symptoms they were experiencing). *See also Scott v. City of Dayton*, No. C-3-04-420, 2007 WL 4287869, at *2 (S.D. Ohio Dec. 6, 2007) ("[W]ithout expert testimony, Plaintiff has no admissible evidence that the alleged [constitutional violation] was the proximate cause of his

9

potential inability to reproduce, his loss of sexual function and any permanent injuries allegedly stemming from the removal of his testicle.").

Defendants further argue that Plaintiff should be precluded from introducing any evidence or testimony regarding mental or emotional injuries because the Prison Litigation Reform Act provides:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C. § 1997e(e). "Prisoner" is defined in this subsection of the statute as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole probation, pretrial release or diversionary program." 42 U.S.C. § 1997e(h). Defendants' argument fails, however, because § 1997e(e) does not apply to a plaintiff who was not a prisoner at the time he initiated a suit. The Sixth Circuit has not had occasion to rule directly on this question, but in *Cox v. Mayer*, in interpreting the definition of "prisoner" in § 1997e(h) as it applies to the exhaustion requirement in § 1997e(a), the court explained that a "natural reading of the statute suggests that its applications requires consideration of three simple questions. First, is plaintiff 'a prisoner confined in [a] jail, prison, or other correctional facility?' If not the statute is inapplicable." 332 F.3d 422, 424 (6th Cir. 2003). *See also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 221 n.1 (6th Cir. 2011) (noting that the only question about whether the PLRA applies to a plaintiff is whether the plaintiff, at the time of filing, is a prisoner confined in a jail, prison, or other correctional facility).

The Seventh Circuit has held that § 1997e(e) does not apply to plaintiffs who were not prisoners at the time they filed suit. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998)

10

(holding that the plain text of § 1997e(e) precludes its application to a parolee who was no longer incarcerated). And other circuits who have addressed whether the definition of "prisoner" in § 1997(h) includes plaintiffs who were no longer incarcerated at the time they commenced the lawsuit have also agreed that it does not. *See, e.g.*, *Norton v. City of Marietta, Okla.*, 432 F.3d 1145, 1150 (10th Cir. 2005) ("In light of the PLRA's plain language, the other circuits to have addressed the issue have unanimously held that it is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies."); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (per curiam) (same). *See also Scheid v. Penrose*, No. 2:13-cv-1270, 2015 WL 1875391, at *2 (Apr. 23, 2015) (holding that a plaintiff was not a prisoner as defined by the PLRA where he was released from custody before filing his lawsuit). Because Krutko filed his complaint after he was released from custody, § 1997e(e) is inapplicable to this suit.

Defendant's Motion *in Limine* is **DENIED**. After Ms. Scanlon is deposed, Defendants may renew their motion to exclude any evidence regarding claimed medical diagnosis, permanent injuries or disability, and lost profits and loss of business income. The Court will not exclude evidence regarding mental or emotional injury.

### C. Defendants' Objection to Certain Plaintiff Exhibits under Rule 26(a)(3)(B)

Finally, Defendants object to two of Plaintiff's exhibits under Rule 26(a)(3)(B), which requires a party to file objections to the use of certain exhibits at trial within 14 days of the opposing party's pretrial disclosures of such exhibits. Defendants assert that Plaintiff should be barred from introducing "North Community Counseling Records from the date of release from 2010 through the present" and "Netcare Medical Corporation Medical Records."[2] (*See* Doc. 71

---

[2] Plaintiff's counsel represented to the Court at a February 4, 2016 status conference that he believes that North Community Counseling Center and Netcare Medical Corporation are actually the same facility that has done business under two different names during different time periods.

11

¶¶ 2-3.) Defendants are correct that these records are not self-authenticating under Rule 902 and, therefore, must be authenticated as prescribed under Rule 901. Plaintiff has not offered any witnesses with knowledge who will be able to authenticate these records. *See* Fed. R. Evid. 901(b)(1). In response, Plaintiff states that he would be able to identify his own Social Security records and documentation of his income prior to the incident at FCCCII. But this is unresponsive to Defendants' objection. The Court has already stated its reasons for excluding the Social Security and income documents that were not previously disclosed to Defendants. But Plaintiff offers no argument as to how the treatment records will be authenticated at trial. At a status conference before the Court on February 4, 2016, Plaintiff's counsel indicated that he had these records in his possession but that none of the records pertained to the treatment Ms. Scanlon has provided to Plaintiff. Rather, they are the records of other treating professionals. Therefore, the Court surmises that Ms. Scanlon, if she testifies at trial, will not be in a position to authenticate these records, although she may, of course, be able to authenticate her own records. Because no witnesses will be able to authenticate the records of other treating providers under Rule 901, and since Plaintiff offers no argument to the contrary, the Court **SUSTAINS** Defendants' Objection to the introduction at trial of any North Community Counseling records and Netcare Medical Corporation Medical records not pertaining to Ms. Scanlon's treatment of Plaintiff.

## IV.    CONCLUSION

For the reasons detailed above, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion *in Limine* to exclude Plaintiff's witness, Barbara Scanlon, and certain Plaintiff exhibits (Doc. 73); **DENIES** Defendants' Motion *in Limine* to exclude evidence of

medical diagnosis, injuries, medical causation, permanent injury, lost business income, or any other claim of similar damages (Doc. 63); and **SUSTAINS** Defendants' Rule 26(a)(3)(B) Objection to certain Plaintiff exhibits.  (Doc. 73 at 6.)

**IT IS SO ORDERED.**

                                                                                       **s/ Algenon L. Marbley**
                                                                                      **ALGENON L. MARBLEY**
                                                                                      **UNITED STATES DISTRICT JUDGE**

**DATED:  February 5, 2016**